UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTHONY HARRELL, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:16-cv-01528-SEB-DML |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255
AND DENYING CERTIFICATE OF APPEALABILITY**

For the reasons explained in this Entry, the motion of Anthony Harrell, Jr., for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

### I. § 2255 Standard

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The scope of relief available under § 2255 is narrow, limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted).

## II. Discussion

On October 18, 2007, Mr. Harrell pleaded guilty to one count of bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d). *Harrell v. United States*, No. 1:07-cr-00138-SEB-DKL-1 (S.D. Ind.) (hereinafter, "Crim. Dkt."), Dkt. 19, 20. As part of his plea agreement, Mr. Harrell stipulated that he was a career offender, his offense level under the Sentencing Guidelines was 31, and his prior criminal a history included convictions in Indiana for burglary and armed robbery. Based on a total offense level of 31 and a criminal history category of VI, Mr. Harrell's guideline range of imprisonment was 188 to 235 months. Mr. Harrell was sentenced to 188 months' imprisonment. Crim. Dkt. 33. Mr. Harrell did not appeal his conviction or sentence.

On June 26, 2015, the United States Supreme Court held that the "residual" clause of the Armed Career Criminal Act ("ACCA") was unconstitutional based on vagueness. *Johnson v. United States*, 135 S.Ct. 2551 (2015). *Johnson* was determined to announce a new substantive rule of constitutional law that applied retroactively to ACCA defendants. *Welch v. United States,* 136 S.Ct. 1257 (2016). Thus, only prior convictions that qualify as violent felonies under the "enumerated offenses" clause or "force" clause of the ACCA (also known as the "elements clause") can be used to enhance a sentence under that statute. In *Mathis v. United States*, 136 S. Ct. 2243 (2016), the Supreme Court discussed applying a modified categorical approach when analyzing whether past convictions are counted under the enumerated offenses clause of the ACCA. The career offender enhancement (§ 4B1.1) in the United States Sentencing Guidelines (U.S.S.G) contains language similar to the ACCA. The Sentencing Guidelines in effect at the time provided that a defendant is a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3)

2

> the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). An offense qualified as a "crime of violence" if it was "punishable by imprisonment for a term exceeding one year" and it

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; *[known as the force or elements clause]* or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives *[known as the enumerated offenses clause]*, or otherwise involves conduct that presents a serious potential risk of physical injury to another *[known as the residual clause.]*

U.S.S.G. § 4B1.2(a) (emphasis added).

Mr. Harrell filed this motion for relief pursuant to § 2255 on June 21, 2016, arguing that, under *Johnson*, his Indiana convictions for armed bank robbery and burglary do not qualify as "crimes of violence" under the Sentencing Guidelines, and therefore he is no longer a career offender. Dkt. 1. On April 5, 2017, Mr. Harrell's counsel filed for a motion to withdraw her appearance in this case, which the Court granted. Dkt. 7.

Mr. Harrell filed an amended § 2255 motion arguing that, under *Mathis*, his Indiana conviction for burglary does not qualify as "crimes of violence" under the Sentencing Guidelines, and therefore is no longer a career offender. Dkt. 24-1. Mr. Harrell attempts to distinguish prior precedent by arguing that Indiana burglary includes fenced-in areas, mobile homes, and fishing camps. *See* dkt. 24-1 at 13. Mr. Harrell also argues that his counsel provided ineffective assistance of counsel for failing to inform him of the penalty for failing to preserve a claim of error on appeal and failing to inform him he could object to the use of his prior convictions. *Id.* at 17-18.

In response, the United States argues that Mr. Harrell's claim under *Johnson* and *Mathis* is foreclosed by the Seventh Circuit's decision in *United States v. Perry,* 862 F.3d 620, 624 (7th Cir.

3

2017); *United States v. Foster,* 877 F.3d 343 (7th Cir. 2017); and *United States v. Schmutte,* 709 F. App'x 375 (7th Cir. 2018) (unpublished). Dkt. 28.

In reply, Mr. Harrell notes that his claim is based on *Mathis* and not *Johnson*. Dkt. 31. He further attempts to distinguish his prior convictions from *Perry*, *Foster*, and *Schmutte*. Finally, he notes that the United States did not address his ineffective assistance of counsel claims.

    **A.**    *Mathis* **Claims**

Mr. Harrell appears to have conceded that his prior armed robbery conviction is a crime of violence. Any argument to the contrary was foreclosed on August 12, 2016, when the Seventh Circuit decided *United States v. Duncan*, 833 F.3d 751 (7th Cir. 2016). In *Duncan*, the Seventh Circuit held that "[a] conviction for robbery under the Indiana statute qualifies under the still-valid elements clause of the ACCA definition of violent felony." 833 F.3d at 752. Ind. Code 35-42-5-1 ("Robbery") provides that:

> (a) Except as provided in subsection (b), a person who knowingly or intentionally takes property from another person or from the presence of another person:
>     (1) by using or threatening the use of force on any person; or
>     (2) by putting any person in fear;
> commits robbery, a Level 5 felony. However, the offense is a Level 3 felony if it is committed while armed with a deadly weapon or results in bodily injury to any person other than a defendant, and a Level 2 felony if it results in serious bodily injury to any person other than a defendant.

*Id.* Because Indiana armed robbery is merely Indiana robbery with the additional element that the offense is committed while armed with a deadly weapon, *Duncan* precludes relief to Mr. Harrell on his armed robbery conviction.

Mr. Harrell's arguments regarding his Indiana class B burglary conviction were foreclosed on July 6, 2017, when the Seventh Circuit decided *United States v. Perry*, 862 F.3d 620 (7th Cir. 2017). In *Perry*, the Seventh Circuit held that "Indiana burglary convictions [a]re valid predicate offenses under § 924(e)(2)(B)(ii) [the enumerated offenses clause]." 862 F.3d at 624 (regarding

4

Class C burglary). Shortly thereafter, in *United States v. Foster*, the Seventh Circuit held that *Perry* covers both Indiana Class C and Indiana Class B burglary. 877 F.3d 343 (7th Cir. 2017). The Seventh Circuit then summarized those holdings in *United States v. Schmutte*, 709 Fed. App'x 375 (7th Cir. Jan. 23, 2018) (unpublished). Mr. Harrell's attempts to argue that burglary does not include fenced-in areas and moveable conveyances, such as mobile homes, were recently rejected by the Supreme Court, which held that "burglary" in the context of the ACCA includes burglary of a structure or vehicle that has been adapted or is customarily used for overnight accommodation, such as a mobile home. *United States v. Stitt*, __ U.S. __, 2018 U.S. LEXIS 7167 (Dec. 10, 2018).

Under these holdings, *Mathis* does not apply to grant relief to Mr. Harrell for his sentence enhancement as a career offender. *Mathis* relates to the enumerated offenses clause and Mr. Harrell's convictions fall under the force or elements clause of the Sentencing Guidelines. Mr. Harrell was properly sentenced as a career offender and is not entitled to any relief on this ground.

**B.    Ineffective Assistance of Counsel Claim**

Mr. Harrell also argues that his counsel provided ineffective assistance of counsel for failing to inform him of the penalty for failing to preserve a claim of error on appeal and failing to inform him that he could object to the use of his prior convictions.

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011). If a petitioner cannot establish one of the *Strickland* prongs, the court need not consider the other. *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014). To satisfy the first prong of the *Strickland* test, a petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States,* 574 F.3d 455,

5

458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances whether counsel's performance was outside the wide range of professionally competent assistance. *Id.* In order to satisfy the prejudice component, a petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In the context of guilty pleas, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Mr. Harrell fails to show how he was prejudiced by his counsel's alleged ineffective assistance of counsel. Mr. Harrell is upset with his counsel for failing to appeal his *Mathis* sentencing claim and failing to inform him that he could have objected to sentencing. However, Mr. Harrell fails to show that it would have been obvious for his counsel to file an appeal or object based on *Mathis* even before *Johnson* had been decided. *See Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) ("appellate counsel is ineffective if counsel fails to raise issues that are (1) obvious, and (2) clearly stronger than the ones raised"), abrogated on other grounds by *United States v. Ceballos*, 302 F. 3d 679, 692 (7th Cir. 2002). Moreover, *Mathis* does not grant any relief to Mr. Harrell, as explained above, and any appeal would have been futile. *See United States v. Carter*, 355 F.3d 920, 924 (7th Cir. 2004) ("First, counsel cannot be said to be deficient for failing to take frivolous action, particularly since a frivolous effort takes attention away from non-frivolous issues. Second, it is evident that failing to make a motion with no chance of success could not possibly prejudice the outcome.").

Thus, Mr. Harrell's claim of ineffective assistance of counsel for failing to file an appeal or object regarding his sentencing as a career offender lacks merit. No relief is warranted on this basis.

### III. Conclusion

For the reasons explained in this Order, Mr. Harrell is not entitled to relief on his § 2255 motion. His conviction and sentence are not unconstitutional and his counsel was not ineffective. Accordingly, his motion for relief pursuant to § 2255 is **denied** and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue and the clerk shall **docket a copy of this Entry in No. 1:07-cr-00138-SEB-DKL-1.** The motion to vacate (Crim. Dkt. 40) shall also be **terminated** in the underlying criminal action.

### IV. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Harrell has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 12/12/2018

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ANTHONY HARRELL, JR.
08722-028
LEE - USP
LEE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 305
JONESVILLE, VA 24263

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov